PALM BEACH, INCORPORATED, A CORPORATION, BY AND THROUGH EVAN PICONE, INC., DIVISION OF PALM BEACH COMPANY AND ITS WHOLLY OWNED SUBSIDIARY AUSTIN HILL, LTD., PLAINTIFF v. WILLIAM GARITH ALLEN AND WILLIAM G. TEAGUE, JR., DEFENDANTS

No. 8726DC1191

(Filed 2 August 1988)

Guaranty § 2— guaranty enforceable only by person to whom addressed—parent corporation distinct from subsidiaries

A special guaranty such as the one executed by defendant to plaintiff in this case may only be enforced by the person to whom the guaranty is extended, that is, the person to whom it is addressed; therefore, plaintiff parent corporation could recover on a guaranty executed to it by defendant, but plaintiff division and plaintiff subsidiary could not, since there was no direct mention or reference to them in the guaranty.

APPEAL by plaintiff from *Brown, L. Stanley, Judge.* Judgment entered 29 September 1987 in District Court, MECKLENBURG County. Heard in the Court of Appeals 7 April 1988.

*Harkey, Fletcher, Lambeth and Nystrom, by Philip D. Lambeth, for plaintiff-appellant.*

*Collie and Wood, by James F. Wood, III, for defendant-appellee.*

JOHNSON, Judge.

This civil action was instituted to collect sums due on a line of credit extended pursuant to a personal guaranty signed by defendant Teague on 5 August 1985. The first named defendant, William Garith Allen, has been dismissed from this action and is not involved in this appeal in any manner.

On 5 August 1985, defendant Teague signed a personal guaranty to secure payment of an account extended to T. B. Investments of Durham, Inc. by plaintiff, Palm Beach, Inc. Plaintiff, acting through one of its subsidiaries, Austin Hill, Ltd., sold and delivered certain merchandise to T. B. Investments of Durham, Inc., pursuant to the personal guaranty. By its terms, this guaranty was to terminate at midnight on 31 December 1985.

On 8 January 1986, another document entitled, "Amendment to Personal Guarantees" (sic) was executed by defendant Teague

on behalf of T. B. Investments, Inc., T. B. Investments of Durham, Inc., and T. A. Investments, Inc. in favor of Palm Beach, Inc. only. Although entitled an "amendment," the second document was executed after the first document had expired according to its terms.

Plaintiff issued statements of account to defendant Teague on 11 September 1986 for amounts owing to Evan Picone, Inc. ($1,447.05) and to Austin Hill, Ltd. ($2,464.01). The statements of account were not paid in the regular course of business and demand for payment was made upon defendant Teague. When he did not remit payment, plaintiff instituted this action.

Both parties moved for summary judgment pursuant to G.S. 1A-1, Rule 56. At the hearing on the matter, the trial court ruled that the personal guaranty was extended only to Palm Beach, Inc., and not to Evan Picone, Inc. nor to Austin Hill, Ltd., which are separate and distinct legal entities. The court then entered summary judgment for both defendant William G. Teague, Jr. and William Garith Allen, against the plaintiff and dismissed the action with prejudice as to both defendants. From this order plaintiff appeals.

On appeal, plaintiff requests that we consider whether the district court improperly granted defendant Teague's motion for summary judgment against plaintiff. We hold that it did not.

Summary judgment is designed to preclude the need for formal trials where only questions of law exist, by permitting penetration of an unfounded claim and allowing summary disposition for either party when a fatal weakness or absolute defense is revealed. *Hall v. Post*, 85 N.C. App. 610, 355 S.E. 2d 819 (1987). In the case *sub judice*, plaintiff's claim exhibits such a weakness.

The essential facts surrounding the execution of the personal guaranty and its "extension" are basically undisputed. Upon the face of the original guaranty dated 5 August 1985 appears the heading:

PERSONAL GUARANTEE

TO: Palm Beach, Inc.

RE: T. B. Investments of Durham, Inc.

The heading of the second guaranty is similar and appears as follows:

AMENDMENT TO PERSONAL GUARANTEES (sic)

TO: Palm Beach, Inc.

RE: T. B. Investments, Inc.

    T. B. Investments of Durham, Inc.

    T. A. Investments, Inc.

Neither agreement includes any direct mention or reference to Evan Picone, Inc. nor Austin Hill, Ltd., the division and subsidiary respectively, which plaintiff alleges are covered by the guaranty.

This Court has held that the construction of a guaranty agreement is a matter of law where the language employed is plain and unambiguous. *First Union Nat'l Bank v. King*, 63 N.C. App. 757, 306 S.E. 2d 508 (1983). Although the language employed in the agreement is quite clear, plaintiff-appellant contends that the identification of the parties to the agreement is unascertainable.

In *B-W Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570 (1966), our Supreme Court held that a parent corporation and its subsidiaries are distinct legal entities and maintain their separate and distinct identities notwithstanding the fact that the parent may own all the stock of the subsidiary. In addition, in *Whitehurst v. FCX Fruit and Vegetable Service*, 224 N.C. 628, 32 S.E. 2d 34 (1944), the Court also held that the fact that one corporation owns all the stock of another corporation standing alone, is not sufficient to render the parent corporation liable on contracts executed by its subsidiary.

Adhering to these principles, we believe that our Supreme Court has established the North Carolina view that a parent corporation and its subsidiaries are to be treated as distinct entities, each liable for its individual contracts executed, and each protected by the procurement of their individual guaranties or letters of credit. In so ruling, we reject plaintiff's contention that a guaranty of payment is to be construed as a general guaranty under all circumstances.

A general guaranty which is addressed to *no specific person*, authorizes anyone to whom it is presented to extend credit upon

---

---

its strength, and is enforceable by anyone who acts upon it, whereas a special guaranty, which is the correct classification of the agreement in the case *sub judice,* may only be enforced by the person to whom the guaranty is extended, that is, the person to whom it is addressed. Annotation, *Who May Enforce Guaranty,* 41 A.L.R. 2d 1213 (1955).

We are convinced that the guaranty agreement in the case at bar was addressed only to, and therefore was extended only to, Palm Beach, Inc., and to no other corporation. Therefore, we affirm the order entered by the trial court.

Affirmed.

Judges BECTON and GREENE concur.