KRAFT FOODSERVICE, INC. v. CHARLIE L. HARDEE

No. 937SC297

(Filed 17 May 1994)

**Guaranty § 14 (NCI4th) — special guaranty — not enforceable by assignee — summary judgment**

The trial court erred in an action on a guaranty by granting summary judgment for plaintiff, and the matter was remanded for entry of summary judgment for defendant, where Quick Fill submitted an application to Seaboard Foods to purchase merchandise on an open account for its convenience stores; defendant signed a personal guaranty for the account; Seaboard sold and assigned most of its assets, including defendant's personal guaranty, to Kraft; and plaintiff sought to enforce the personal guaranty after Quick Fill filed a Chapter 11 Bankruptcy proceeding. The guaranty was specifically addressed to Seaboard Foods, makes reference to "you" and "yours" repeatedly, referring to Seaboard Foods, and specifically

states that it is assignable by defendant but makes no mention of assignability by Seaboard Foods. The guaranty was a special guaranty extended only to Seaboard Foods and was not enforceable by plaintiff as Seaboard's assignee or successor.

**Am Jur 2d, Guaranty §§ 34-36.**

Appeal by defendant from judgment entered 7 December 1992 by Judge Thomas S. Watts in Nash County Superior Court. Heard in the Court of Appeals 11 April 1994.

In 1984, Quick Fill, Inc. (Quick Fill) operated convenience stores in Pitt County, under the trade name of Kash & Karry. Seaboard Foods, Inc. (Seaboard) of Rocky Mount sold restaurant supplies and other merchandise to restaurants and other food service establishments. On 11 June 1984, Quick Fill submitted an application to Seaboard to purchase merchandise on an open account for the Kash & Karry stores. This credit application was signed by defendant as President of Quick Fill. Defendant also signed a personal guaranty for the account. After Seaboard received the credit application and defendant's personal guaranty, it sold merchandise to Quick Fill on an open account.

On 30 December 1985, Seaboard Foods sold and assigned most of its assets, including defendant's personal guaranty, to Kraft, Inc. In January of 1986, Quick Fill entered into a partnership with Mallard Oil Company to operate Kash & Karry convenience stores. On 26 January 1990, this partnership was dissolved and written notice was sent to Kraft.

After receiving this written notice from defendant, plaintiff continued to sell goods to Quick Fill on open account. Meanwhile, Kraft had merged with General Foods in 1989 to become Kraft General Foods. On 29 December 1990, Kraft General Foods underwent two internal corporate reorganizations so that certain corporate assets, including defendant's personal guaranty, were vested in Kraft Foodservice, Inc.

After Quick Fill filed a Chapter 11 Bankruptcy petition in 1991, plaintiff filed this action seeking to enforce the personal guaranty contract dated 11 June 1984 between defendant and Seaboard Foods for goods sold to Quick Fill on and after 26 September 1991. Plaintiff moved for summary judgment pursuant to N.C. Gen.

Stat. § 1A-1, Rule 56. After a hearing, the trial court granted plaintiff's motion. From this order, defendant appeals.

*Fields & Cooper, by John S. Williford, Jr., for plaintiff-appellee.*

*Hardee & Hardee, by G. Wayne Hardee and Charles R. Hardee, for defendant-appellant.*

WELLS, Judge.

Defendant argues that the trial court erred by granting defendant's motion for summary judgment. After carefully examining the record before us, we must agree.

Summary judgment is a device whereby judgment is rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." *Dickens v. Thorne*, 110 N.C. App. 39, 429 S.E.2d 176 (1993), N.C.R. Civ. P. 56(c).

The pertinent facts surrounding the execution of the personal guaranty are undisputed. The guaranty agreement signed by defendant appears, in part, as follows:

PERSONAL GUARANTY CONTRACT

TO: SEABOARD FOODS, INC.

In consideration of *your* granting credit to the person(s), firm(s), corporation(s) (herein called customer) shown on the foregoing credit application for purchasing restaurant supplies and related items from time to time from *you* on an open account, I (we) the undersigned do thereby personally and unconditionally guarantee without notice the payment of all sums that shall become due from the customer *to you* for goods sold and delivered at all locations of the customer, regardless of trade style. (Emphasis added.)

The agreement also states: "This guaranty shall bind the heirs, executors, legal representatives, successors and assigns of the undersigned."

Plaintiff contends that the guaranty addressed to Seaboard is a general guaranty, and therefore assignable under general contract principles. Defendant argues, however, that the guaranty is

a special guaranty, enforceable only by the person to whom it is addressed, and therefore not assignable by Seaboard. We are persuaded by defendant's argument.

Generally, a guaranty is assignable where the language of the guaranty contract shows that the parties intended it to be assignable. *Gillespie v. De Witt*, 53 N.C. App. 252, 280 S.E.2d 736, *cert. denied*, 304 N.C. 390, 285 S.E.2d 832 (1981). This Court discussed the distinctions between a general guaranty and a special guaranty in *Palm Beach, Inc. v. Allen*, 91 N.C. App. 115, 370 S.E.2d 440 (1988). "A general guaranty which is addressed to *no specific person*, authorizes anyone to whom it is presented to extend credit upon its strength, and is enforceable by anyone who acts upon it, whereas a special guaranty . . . may only be enforced by the person to whom the guaranty is extended, that is, the person to whom it is addressed." *Id.*

The guaranty in the case *sub judice* was specifically addressed to Seaboard Foods, Inc. The agreement makes reference to "you" and "your" repeatedly, obviously referring to Seaboard Foods. Additionally, the agreement specifically states that it is assignable by defendant, but makes no mention of assignability by Seaboard Foods.

We are convinced that the guaranty agreement in the case at bar was a special guaranty extended only to Seaboard Foods, Inc., and was not enforceable by plaintiff as Seaboard's assignee or successor. Therefore, we reverse the order of the trial court and remand for entry of summary judgment in favor of defendant.

Reversed and remanded.

Judges JOHNSON and JOHN concur.