KRAFT FOODSERVICE, INC. v. CHARLIE L. HARDEE

No. 325PA94

(Filed 2 June 1995)

**1. Guaranty § 14 (NCI4th)— special guaranty—when assignable**

Rights under a special guaranty—that is, a guaranty addressed to a specific entity—are assignable unless: assignment is prohibited by statute, public policy, or the terms of the guaranty; assignment would materially alter the guarantor's risks, burdens, or duties; or the guarantor executed the contract because of personal confidence in the obligee.

**Am Jur 2d, Guaranty §§ 34-36.**

**2. Guaranty § 14 (NCI4th)— personal guaranty addressed to corporation—enforcement by assignee**

Defendant's personal guaranty addressed to Seaboard Foods, Inc. in which he promised to pay amounts owed for goods and

merchandise sold and delivered on open account to Quick Fill, Inc., a company of which he was the president, could be enforced by plaintiff as Seaboard's assignee where the terms of the guaranty do not prohibit assignment; no statute or public policy precludes assignment; and the record contains no evidence that defendant executed the guaranty out of a personal confidence in Seaboard Foods, Inc. but contains a forecast of evidence that he executed it as a means of obtaining a credit account for the sale of goods to his company. Neither the use of the words "you" and "yours" in the text of the guaranty nor identification of Seaboard Foods, Inc. as the addressee renders the guaranty unassignable in the absence of a personal confidence in the obligee.

**Am Jur 2d, Guaranty §§ 34-36.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 114 N.C. App. 811, 443 S.E.2d 106 (1994), reversing an order of summary judgment for plaintiff entered 7 December 1992 by Watts, J., in Superior Court, Nash County, and remanding for the entry of summary judgment for defendant. Heard in the Supreme Court 9 May 1995.

*Fields & Cooper, by John S. Williford, Jr., for plaintiff-appellant.*

*Hardee & Hardee, by Charles R. Hardee and G. Wayne Hardee, for defendant-appellee.*

WHICHARD, Justice.

Defendant was the president of Quick Fill, Inc., which operated convenience stores in Pitt County under the trade name Kash & Karry. On 11 June 1984 Quick Fill submitted an application to Seaboard Foods, Inc., of Rocky Mount to purchase restaurant supplies and other merchandise on an open account. Defendant signed a personal guaranty for the account in which he promised to pay amounts owed by Quick Fill for goods sold and delivered on the open account. Seaboard sold merchandise to Quick Fill on an open account after it received the credit application and the personal guaranty.

Seaboard sold and assigned substantially all of its assets, including its Rocky Mount warehouse and defendant's personal guaranty, to Kraft, Inc., on 30 December 1985. Kraft continued to sell merchandise to Quick Fill on the open account guaranteed by defendant's personal

guaranty, just as Seaboard had. In 1989 Kraft merged with General Foods, Inc., to form Kraft General Foods, Inc. On 29 December 1990 certain corporate assets, including the guaranty at issue, were vested in plaintiff, Kraft Foodservice, Inc., as a result of two internal reorganizations. None of these corporate changes affected Quick Fill's ability to buy supplies on the open account guaranteed by defendant.

On 26 January 1991 Quick Fill filed a petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. At that time Quick Fill owed $18,120.44 on the open account for merchandise sold to it by Kraft General Foods on 23 December 1990 and by plaintiff between 1 May and 26 December 1991. On 7 February 1992 plaintiff filed this action seeking to enforce defendant's personal guaranty. On 7 December 1992 the trial court granted plaintiff's motion for summary judgment. The Court of Appeals reversed and remanded for entry of summary judgment for defendant. It concluded that the personal guaranty executed by defendant "was a special guaranty extended only to Seaboard Foods, Inc., and was not enforceable by plaintiff as Seaboard's assignee or successor." *Kraft Foodservice v. Hardee*, 114 N.C. App. 811, 814, 443 S.E.2d 106, 107 (1994). We hold that the personal guaranty was assignable and accordingly reverse the Court of Appeals.

Defendant's personal guaranty provides:

PERSONAL GUARANTY CONTRACT

TO: SEABOARD FOODS, INC.

In consideration of your granting credit to the person(s), firm(s), or corporation(s) (herein called customer) shown on the foregoing credit application for purchasing restaurant supplies and related items from time to time from you on an open account, I (we) the undersigned do hereby personally and unconditionally guarantee without notice the payment of all sums that shall become due from the customer to you for goods sold and delivered at all locations of the customer, regardless of trade style.

This obligation and liability on the part of the undersigned shall be a primary, not a secondary obligation and liability, payable immediately upon demand without recourse first having been had against the customer or any person, firm, or corporation. This is an unconditional guaranty of payment for which the

**KRAFT FOODSERVICE v. HARDEE**

[340 N.C. 344 (1995)]

undersigned agree[s] to become jointly and severally liable, and the undersigned expressly waive[s] [presentment], demand, protest, and notice of dishonor.

The undersigned shall be responsible for and shall reimburse you for all costs and expenses (including reasonable attorney fees) incurred by you in connection with the collection of the open account or the enforcement of this guaranty.

The primary liability of the guarantor(s) under this instrument shall not exceed, however, the amount of [$25,000] as to each guarantor herein. This limitation shall not apply to interest, attorney fees, court costs and expenses which may be incurred to collect on the open account or enforce this guaranty.

The undersigned further acknowledges that this guaranty shall remain in full force and effect until cancelled by delivering written notice by registered mail to you at your office in Rocky Mount, North Carolina. Cancellation shall not relieve a guarantor of liability for debts of customer that accrued prior to the date you received notice of cancellation. This guaranty shall bind the heirs, executors, legal representatives, successors and assigns of the undersigned.

The Court of Appeals concluded that this constituted a special guaranty, which is not assignable, for three reasons: it is "specifically addressed to Seaboard Foods, Inc."; "makes reference to 'you' and 'your' repeatedly"; and "specifically states that it is assignable by defendant, but makes no mention of assignability by Seaboard Foods." *Kraft*, 114 N.C. App. at 814, 443 S.E.2d at 107. Thus the court concluded that only Seaboard, not Seaboard's successors or assignees, could enforce the guaranty. We do not agree that these features of the contract preclude its enforcement by plaintiff.

Guaranties are divided into two classes, general and special, with respect to their enforcement. A general guaranty is addressed to all persons generally and may be enforced by anyone who acts on the faith of it. 38 Am. Jur. 2d *Guaranty* § 20 (1968). If, on the other hand, a guaranty names as obligees certain definite persons, it is a special guaranty; only the persons intended to be protected by a special guaranty may enforce it. *Id.* A special guaranty "usually contemplates a trust in the person to whom it is addressed." 38 C.J.S. *Guaranty* § 41(b)(1), at 1186 (1943). State courts have split on the issue of whether a guaranty addressed to a corporation may be enforced by

the corporation's successor. 38 Am. Jur. 2d *Guaranty* § 117; W.J. Dunn, Annotation, *Who May Enforce Guaranty*, 41 A.L.R.2d 1213 § 10[a]-[c] (1955).

In *Trust Co. v. Trust Co.*, 188 N.C. 766, 125 S.E. 536 (1924), this Court allowed a successor corporation to enforce a guaranty specifically addressed to its predecessor, holding that the defendant bank acquired the right to enforce a guaranty when it took over the assets of the bank to which the guaranty was extended. That result accords with general principles of contract law, which allow the assignment of contract rights unless prohibited by statute, public policy, or the terms of the contract, or where the contract is one for personal services or is entered into out of personal confidence in the other party to the contract. *See, e.g., R.R. v. R.R.*, 147 N.C. 368, 61 S.E. 185 (1908); 3 Samuel Williston, *A Treatise on the Law of Contracts* § 412 (Walter H.E. Jaeger ed., 3d ed. 1960). In a prior case, the Court of Appeals observed these general principles when it implicitly recognized that whether a guaranty contract is assignable depends upon whether the guarantor executed the contract on the basis of his or her personal confidence in the obligee. *Gillespie v. DeWitt*, 53 N.C. App. 252, 262, 280 S.E.2d 736, 743, *disc. rev. denied*, 304 N.C. 390, 285 S.E.2d 832 (1981). Under that analysis, a guaranty executed because of such a personal confidence is not assignable. *See, e.g.*, 38 Am. Jur. 2d *Guaranty* § 35.

[1] From the foregoing, we conclude that rights under a special guaranty—that is, a guaranty addressed to a specific entity—are assignable unless: assignment is prohibited by statute, public policy, or the terms of the guaranty; assignment would materially alter the guarantor's risks, burdens, or duties; or the guarantor executed the contract because of personal confidence in the obligee. This rule is consistent with the common law of contracts, accommodates modern business practices, and fulfills the intent of parties to ordinary business agreements.

[2] We further conclude that plaintiff, as Seaboard's assignee, could enforce the guaranty here. The terms of the contract do not prohibit assignment; likewise, no statute or public policy precludes such action. The record contains no evidence that defendant executed his guaranty out of personal confidence in Seaboard Foods, Inc. Rather, it contains a forecast of evidence indicating that he executed it as a means of obtaining a credit account for the sale of goods to his company. Neither use of the words "you" and "yours" in the text of the

contract nor identification of Seaboard Foods, Inc., as the addressee renders this guaranty unassignable in the absence of such a confidence.

To the extent this result conflicts with language in *Palm Beach, Inc. v. Allen*, 91 N.C. App. 115, 117-18, 370 S.E.2d 440, 441-42 (1988), that language is disapproved.

Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court for further remand to the Superior Court, Nash County, for reinstatement of its order entering summary judgment for plaintiff.

REVERSED AND REMANDED.