IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 18-1170

Filed: 20 August 2019

Iredell County, No. 14 CVS 1588

BETHESDA ROAD PARTNERS, LLC, Plaintiff,

v.

STEPHEN M. STRACHAN and wife, DEBORA L. STRACHAN, Defendants.

STEPHEN M. STRACHAN and DEBORA L. STRACHAN, Third-Party Plaintiffs

v.

GEORGE C. MCKEE, JR. and wife, ADRIANNE S. MCKEE, Third-Party Defendants.

Appeal by plaintiff and third-party defendant, Bethesda Road Partners, LLC, from Judgment entered 26 February 2018, and by defendant and third-party plaintiff Stephen M. Strachan from Order entered 6 June 2017 and Order and Judgment entered 26 February 2018, by Judge John O. Craig, III, in Iredell County Superior Court. Heard in the Court of Appeals 5 June 2019.

> *Carruthers & Roth, P.A., by J. Patrick Haywood and Rachel Scott Decker, for plaintiff and third-party defendants.*

> *Moore & Van Allen PLLC, by Nathan A. White and Mark A. Nebrig, for defendants and third-party plaintiffs.*

YOUNG, Judge.

This appeal arises from a dispute between a guarantor of a promissory note and a third party entity, formed by another guarantor, which purchased the note. The trial court did not err in granting the note holder's Motions for Summary Judgment on its breach of guaranty claims against the guarantor where there were no issues of material fact. The guarantor did not preserve a piercing the corporate veil argument, and thus, we dismiss that argument. The trial court did not err in denying the guarantor's Motion to Join a limited liability company whose debt was secured by his guaranty. The trial court did err in holding that the note holder was only entitled to recover half of the price of the guaranteed note. The trial court did err in applying the Doctrine of Equitable Contribution. Since Equitable Contribution is not an available remedy, we dismiss the argument that the defense was waived. We therefore affirm in part, reverse in part, dismiss in part and remand.

## I.    Factual and Procedural History

On 31 July 2007, George C. McKee, Jr. ("McKee"), Stephen M. Strachan ("Strachan"), William Allen ("Allen"), and Timothy Bruin ("Bruin") created ABMS Development, LLC ("ABMS") as a real estate venture. McKee was the sole member manager of ABMS, controlled all the books and records, and made all strategic decisions for ABMS. On 28 February 2008, ABMS executed a promissory note ("Note") to CommunityOne Bank ("C1 Bank") as a part of a project. C1 Bank required

each ABMS member and his spouse to execute personal guaranties. The project failed, the Note matured, and ABMS defaulted on its obligations.

An attorney for ABMS ("ABMS Attorney") entered into negotiations with C1 Bank on a resolution. The bank said it would not sell the Note to any ABMS members/co-guarantors. ABMS Attorney communicated to C1 Bank that "a different buyer" may be interested in the purchase. ABMS Attorney told bank that "[t]he buyer is not ABMS and the potential investor LLC owners are different than the owners of ABMS." ABMS Attorney confirmed that ABMS and the guarantors would still be liable on the Note.

McKee, the sole member manager of ABMS, formed Bethesda for the sole purpose of purchasing the Note. At the time of purchase, Adrianne S. McKee, McKee's wife ("Mrs. McKee"), was the sole member manager of Bethesda, so it did not appear to have a direct connection to ABMS. However, shortly after closing, McKee was added as a member manager. While Bethesda held the Note, McKee, as managing member of ABMS, made no effort to pay down the debt.

In July 2014, Bethesda then commenced an action against Strachan, Allen, Bruin, and their spouses ("Defendants"), seeking damages under the Note for breach of guaranty agreements. In September 2014, Defendants denied the allegations and asserted claims against Bethesda and the McKees alleging violations of the Equal Credit Opportunity Act ("ECOA"), breach of fiduciary duty, constructive fraud, and

violation of Chapter 75 of the North Carolina General Statutes. Bethesda and the McKees, as third-party defendants, denied those allegations and asserted claims against Strachan for breach of contract and unjust enrichment. Allen, Bruin, and their spouses reached a settlement with Bethesda and were voluntarily dismissed with prejudice. Strachan and Appellees filed cross-motions for summary judgment. The trial court entered an order of summary judgment on 6 June 2017 in favor of Bethesda. In August 2017, Strachan filed a Motion to Join ABMS as a party, which the trial court denied. The trial court entered a final judgment on 26 February 2018. Strachan gave timely notice of appeal on 27 March 2018. Appellees timely cross-appealed on 2 April 2018. Both appeals are now before this Court.

## II.    Summary Judgment

### A. Standard of Review

"Our standard of review of an appeal from summary judgment is *de novo*; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

### B. Analysis

#### a. Liability Discharged

In his first argument, Strachan contends that the trial court erred in granting summary judgment in favor of Bethesda. We disagree.

The North Carolina Supreme Court has stated that

> rights under a special guaranty–that is, a guaranty addressed to a specific entity–are assignable unless: assignment is prohibited by statute, public policy, or the terms of the guaranty; assignment would materially alter the guarantor's risks, burdens, or duties; or the guarantor executed the contract because of personal confidence in the obligee. This rule is consistent with the common law of contracts, accommodates modern business practices, and fulfills the intent of the parties to ordinary business agreements.

*Self-Help Ventures Fund v. Custom Finish, LLC*, 199 N.C. App. 743, 749, 682 S.E.2d 746, 750 (2009) (quoting *Kraft Foodservice, Inc. v. Hardee*, 340 N.C. 344, 348, 457 S.E.2d 596, 598-99 (1995)).

In *Self-Help Ventures Fund*, a lender made a loan which was guaranteed by the guarantors. The note and guaranties were assigned to a government agency, which in turn assigned the note to the creditor, although the agency did not execute a separate reassignment of the guaranties. When the debtor defaulted on the note, the creditor sued the guarantors and obtained entry of default. The guarantors moved to set aside the default, but this Court held that the defendants did not provide legal support for the contention that the guaranties did not follow the note. The defendants asserted that the guaranties were not assigned, but did not provide evidence showing that the guaranties would "(1) violate a statute, public policy, or

the terms of the Guaranties; (2) materially alter defendants' risks, burdens, or duties; or (3) violate personal confidence defendants placed in the obligee." *Id.* In *Self-Help*, this Court also held that upon the note's assignment to the plaintiff, the defendants "unconditionally guaranteed payment to plaintiff, whereupon plaintiff became a party in interest, as set forth in Rule 17(a) of the North Carolina Rules of Civil Procedure." *Id.* at 750, 682 S.E.2d at 751; N.C.R. Civ. P. 17.

Similarly, in *Gillespie*, this Court held that guaranty contracts may be assigned to a guarantor. *Gillespie v. De Witt*, 53 N.C. App. 252, 262, 280 S.E.2d 736, 743 (1981). A plaintiff guarantor took assignment of a note and guaranty from the bank assignor by providing plaintiff's own note in the full amount of the debt. *Id.* at 262, 280 S.E.2d at 743-44. This Court further held that in light of the written agreement, the plaintiff and the bank intended an assignment, not an extinguishment of debt. *Id.* If the parties had intended an extinguishment of debt, this Court reasoned, the parties would have cancelled or destroyed the documents. *Id.* at 262-63.

Here, McKee was a guarantor of the Note between ABMS and C1 Bank. Bethesda, a separate entity, purchased the Note from C1 Bank. At the time of purchase the guaranties were not cancelled or destroyed, nor was there any other evidence of intent to discharge the debt. There was also no evidence that the assignment would have been prevented by any of the exceptions provided in *Self-*

*Help*. Therefore, this was a valid assignment based in contract law. The trial court did not err in granting summary judgment in favor of Bethesda.

b. <u>Mere Instrumentality</u>

In his next argument, Strachan contends that the trial court erred in failing to conclude that the undisputed facts demonstrated Bethesda was a mere instrumentality of McKee, and therefore, the trial court failed to hold that McKee was the actual "purchaser" of a liability that caused him to be both creditor and debtor. We disagree.

To preserve an issue for appellate review, a party must present to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make, and the complaining party must obtain a ruling upon the party's request, objection, or motion. N.C.R. App. P. 10(a)(1). A party cannot raise on appeal issues which were not pleaded or raised below. *Whichard v. Oliver*, 56 N.C. App. 219, 224, 287 S.E.2d 461, 463 (1982).

Strachan failed to plead a piercing the corporate veil claim in his complaint. The trial court granted summary judgment in favor of Bethesda, regarding the issue of liability for breach of contract months before Strachan began arguing about piercing the corporate veil. There was no motion, objection, or ruling on a piercing the corporate veil defense. As such, this issue was not preserved for appeal. We decline to address this unpreserved issue and dismiss this argument.

c. <u>Liability Discharged and Mere Instrumentality</u>

Furthermore, Strachan contends that the trial court erred in failing to conclude that upon McKee's attempted "purchase" of a liability where he was both creditor and debtor was, by law, not a purchase, but a discharge of the liability, and thereby precluded McKee from bringing breach of contract claims against his co-guarantors through his mere instrumentality. We disagree.

These arguments mirror those raised in Strachan's first two arguments. The trial court did not err in failing to conclude the purchase was a discharge. In *Gillespie*, the purchase of the note was an assignment, not a discharge of the debt, since there was no evidence preventing an assignment nor were any documents cancelled or destroyed to show intent of a discharge. And again, we decline to entertain Strachan's piercing the corporate veil or "mere instrumentality" argument, because Strachan failed to preserve that issue.

d. <u>Breach of Fiduciary Duty</u>

Next, Strachan contends that the trial court erred in granting McKee's Motion for Summary Judgment on Strachan's breach of fiduciary duty claim. We disagree.

A member-manager of a limited liability company owes no fiduciary duty to the other members; rather, the fiduciary duty is owed to the company. *Kaplan v. O.K. Technologies, LLC*, 196 N.C. App. 469, 474, 675 S.E. 2d 133, 137 (2009). Therefore,

individual members cannot maintain a claim of breach of fiduciary duty against the manager. *Id.*

Here, McKee and Strachan were both members of ABMS and McKee was the member manager. Any fiduciary duty that McKee owed would be to ABMS rather than Strachan. Accordingly, Strachan cannot assert the existence of a fiduciary duty against McKee. Therefore, the trial court did not err in granting McKee's Motion for Summary Judgment on Strachan's breach of fiduciary duty claim. *Id.*

e. <u>Constructive Fraud</u>

Next, Strachan contends the trial court erred in granting McKee's Motion for Summary Judgment on Strachan's constructive fraud claim. We disagree.

The elements for constructive fraud are: (1) a relationship of trust and confidence exists between the parties; (2) the relationship led up to and surrounded the consummation of the transaction in which defendant took advantage of its position; and (3) defendant sought to benefit from the transaction. *Trillium Ridge Condo. Ass'n v. Trillium Links & Vill., LLC*, 236 N.C. App. 478, 502, 764 S.E.2d 603 (2014). Further, to establish constructive fraud the plaintiff must show the existence of a fiduciary duty and a breach of that duty. *Piles v. Allstate Ins. Co.*, 187 N.C. App. 399, 406, 653 S.E.2d 181, 186 (2007), *rev. denied*, 362 N.C. 361, 663 S.E.2d 316 (2008).

As we held above, there was no fiduciary duty, and therefore, such duty could not have been breached. As a result, the trial court did not err in granting McKee's Motion for Summary Judgment on Strachan's constructive fraud claim.

### III. Motion to Join

#### A. Standard of Review

"A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason . . . [or] upon a showing that [the trial court's decision] was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

#### B. Analysis

Lastly, Strachan contends the trial court erred in denying his motion to join ABMS in the action. We disagree.

N.C. Gen. Stat. § 26-12 provides that "the law allows permissive or discretionary joinder." *High Point Bank & Trust Co.*, 368 N.C. 301, 308, 776 S.E.2d 838, 844 (2015). "[W]hen any surety is sued by the holder of the obligation, the court, on motion of the surety may join the principal as an additional party defendant." *Id.* Strachan waited to file this motion years after asserting his counterclaims and more than a month after the trial court had entered summary judgment against him on the breach of contract claim, disposing of the case. The trial court found that joining ABMS would cause a delay in the entry of judgment against Strachan which was not

necessary. The trial court has discretion to manage its dockets and deny a motion for joinder brought after undue delay. *United Leasing Corp. v. Miller*, 60 N.C. App. 40, 43, 298 S.E.2d 409, 411 (1982). As a result, the trial court did not abuse its discretion in denying the motion to join ABMS.

IV.  Damages

A.  Standard of Review

"The trial court's award of damages . . . is a matter within its sound discretion, and will not be disturbed on appeal absent abuse of discretion." *Helms v. Schultze*, 161 N.C. App. 404, 414, 588 S.E.2d 524, 530 (2003). "In order to reverse the trial court's decision for abuse of discretion, we must find that the decision was unsupported by reason and could not have been the result of competent inquiry." *Id*.

B.  Analysis

a.  Recovery Amount

On cross-appeal, McKee contends that the trial court erred in holding McKee was limited to recovering half of the price he paid to purchase the Note, instead of the face value of the Note. We agree.

In *Gillespie*, this Court affirmed the trial court's ruling that the defendant was liable to the plaintiff for the face value of the note in light of the assignment. *Gillespie*, 53 N.C. App. at 269, 280 S.E.2d at 747; s*ee also Yates v. Brown*, 275 N.C. 634, 641, 170 S.E.2d 477, 482 (1969) (holding that to refuse to allow plaintiff to

recover the face value of the note is contrary to North Carolina law and that purchase of a note at a discount does not preclude recovery of the face value of the note); *Pickett v. Fulford*, 211 N.C. 160, 164, 189 S.E. 488, 490 (1937) (upholding as valid assignment of note and deed of trust, even where note and deed of trust acquired after maturity and for face value of the note).

Here, C1 Bank assigned the Note to Bethesda via a Note Sale and Assignment Agreement, which made it clear that the transaction was an absolute assignment rather than a discharge. Since Bethesda received an assignment, it is entitled to recover the full value of the Note from Strachan.

b. Equitable Contribution

McKee further contends that the trial court erred in applying the Doctrine of Equitable Contribution to reduce Strachan's liability by half. We agree.

"The rights of the obligee to a guaranty contract may be assigned under the principles of general contract law." *Gillespie*, 53 N.C. App. at 262, 280 S.E.2d at 743. "Where no adequate remedy at law exists, a contract is enforceable through [equitable remedies]." *Condellone v. Condellone*, 129 N.C. App. 675, 681-82, 501 S.E.2d 690, 695 (1998).

Here, this Court has held that the C1 Note was assigned to Bethesda, and that the assignment was controlled by contract law. Consequently, an equitable remedy, such as equitable contribution, would be inappropriate since there is an adequate

remedy at law. Therefore, we hold that the trial court erred in applying the Doctrine of Equitable Contribution to reduce Strachan's liability.

### V.      Waiver Defenses

A. Analysis

Next on cross-appeal, McKee contends that the trial court erred in holding that Strachan had not waived defenses such as equitable contribution.  Because we have held that equitable contribution is not an available remedy in this case, the waiver of equitable contribution as a defense is moot.  Therefore, we dismiss this argument.

AFFIRMED IN PART, REVERSED IN PART, DISMISSED IN PART, AND REMANDED.

Judges TYSON and INMAN concur.