PAGE TRUST COMPANY v. WACHOVIA BANK & TRUST COMPANY AND MERCHANTS NATIONAL BANK.

(Filed 19 December, 1924.)

**1. Banks and Banking — Bills and Notes — Negotiable Instruments — Guarantor of Payment.**

Where a bank sends a note of its customer to another bank for discount, in a letter stating that the note was perfectly good, and that it will see that the note is promptly taken care of at maturity, the bank thus discounting the note becomes a guarantor of payment, and has the right to charge the same against the account of the debtor bank when not so paid.

**2. Same—Purchaser for Value.**

And where the creditor bank has been bought by another and its assets accordingly transferred, such assets pass to the transferee with the note in question as security therefor, and the purchasing bank acquires the right that the selling bank had therein.

**3. Same—Debtor and Creditor.**

Where a bank is a depositor of another bank and has the latter to discount a note of its customer under its guaranty of payment, upon the nonpayment of the note at maturity the relation of debtor and creditor is established, and the bank discounting the note may charge it to the account of the debtor bank.

**4. Same—Notice.**

A cashier of a bank has implied authority in the ordinary course of his employment to guarantee the payment, in behalf of the bank, of its customer's note he has had another bank to discount for it; and where the debtor bank has been taken over by another bank, the latter acquires subject to this liability as shown on the books of the selling bank.

APPEAL by plaintiff from *Sinclair, J.,* at May Term, 1924, of RICH-MOND.

On 10 March, 1923, the Merchants National Bank at Raleigh, N. C., received, in due course of business, a letter as follows:

THE FIRST NATIONAL BANK
Hamlet, N. C.

10 March, 1923.

MR. T. F. MAGUIRE, Cashier,
Merchants National Bank, Raleigh, N. C.
Dear Sir:

We enclose two short time renewal notes in the sum of $4,500, which we will thank you to place to our credit, less the discount and stamps and advise us. We consider these notes perfectly good, and will see that they are promptly taken care of at maturity.

Yours very truly,
NOAH H. JENRETTE, Cashier.

One of the notes enclosed was for $2,000, and the other for $2,500. The former, having been paid, is not involved in this action. The latter note was dated 3 March, 1923, due 60 days after date, and was payable "to the order of myself, at the First National Bank, Hamlet, N. C." The note was signed "W. H. Sanders" and endorsed "W. H. Sanders" and "Noah H. Jenrette." This note was the personal obligation of W. H. Sanders. He received credit for the proceeds of the note at the First National Bank.

Pursuant to request contained in said letter, the Merchants National Bank, discounted both said notes, crediting the account of the First National Bank at Hamlet, N. C., with the proceeds. A credit memorandum was at once sent to and received by the First National Bank at Hamlet, showing that the notes had been discounted and the proceeds placed to its credit on the books of the Merchants National Bank.

Prior to the date of this letter, there had been many similar transactions between the Merchants National Bank, at Raleigh, and the First National Bank, at Hamlet, extending over three years. The First National Bank carried an account with the Merchants National Bank. Noah H. Jenrette had been cashier, in active charge, of the First National Bank for six or seven years, since its organization. He was also a director. There is no evidence that he had any personal interest in the note, or in its proceeds. He was an endorser for the accommodation of the maker. The president of the bank had not been active in its management. It had been the custom of the First National Bank to send notes, which were not endorsed by it, to the Merchants National Bank, for discount for its account. Notes thus sent were accompanied by letters, containing the words, "We consider these notes perfectly good, and will see that they are promptly taken care of at maturity." The proceeds of notes thus discounted were placed to the credit of the First National Bank and the notes paid at maturity. There had been no direct dealings between the Merchants National Bank and the makers of these notes, relative to renewals or payments.

On 2d or 3d March, 1923, a contract was entered into between the Merchants National Bank and the Wachovia Bank and Trust Company, by which the latter bank took over the assets of the former, and continued its business. The deposit account of the First National Bank at Hamlet was continued with the Wachovia Bank and Trust Company. Shortly before the maturity of the Sanders note for $2,500, the Wachovia Bank and Trust Company sent the note to the First National for collection. In reply, it received letter as follows:

THE FIRST NATIONAL BANK
Hamlet, N. C.

19 May, 1923.

MR. T. F. MAGUIRE, Cashier,
Wachovia Bank and Trust Company, Raleigh, N. C.
Dear Sir:

We return herewith the W. H. Sanders note of $2,500, which was sent us in your collection letter of April 30th. Mr. Sanders states that he is not in a position to pay this note right now and we are not in a position to pay it for him. In the event that this note has been charged to our account, we have to ask that you kindly credit the same back and advise us. We enclose the renewal which you can handle if you wish.

Yours very truly,

NOAH H. JENRETTE, Cashier.

The reply to this letter is as follows:

WACHOVIA BANK AND TRUST COMPANY

Raleigh, N. C.

22 May, 1923.

MR. N. H. JENRETTE, Cashier,
First National Bank, Hamlet, N. C.
Dear Sir:

Your letter of 19 May returning again the W. H. Sanders paper of $2,500, also his note for like amount which matured on 2 May, received.

We are returning herewith the Sanders papers and are making no comments, as we presume you understand clearly that the paper is unacceptable to us in its present shape and therefore we cannot renew. We also return his note of $2,500 which matured on 2 May, and have marked this from our collection records as we find this was charged to your account and represented by our charge of $2,502.90 of 9 May.

With best wishes,

Yours very truly,

T. F. MAGUIRE, Cashier.

There was no further correspondence between the First National Bank and either the Wachovia Bank and Trust Company or the Merchants National Bank with respect to this note. In July, 1923, plaintiff, Page Trust Company, became the owner of the First National Bank of Hamlet, and thereafter made demand upon the Wachovia Bank and Trust Company for the balance due on deposit of First National Bank. The balance due the First National Bank, according to the contention of the Wachovia Bank and Trust Company was paid. The plaintiff, the Page Trust Company, contended that the sum should include the $2,502.90 charged to the account in payment of the Sanders note. Summons was issued in this action on 15 January, 1924.

The issues submitted to the jury were as follows:

1. Was the payment of the W. H. Sanders note of $2,500 guaranteed by the First National Bank of Hamlet?

2. In what amount, if any, are defendants indebted to plaintiff?

The court instructed the jury as follows: "Gentlemen of the jury, if you find the facts to be as testified by all the witnesses in this case and as shown by the record evidence introduced, the court directs you to answer the 1st issue 'Yes' and the 2d issue 'Nothing.' With your permission, I will answer the issues for you." The jury having indicated its assent, the court answered the issues accordingly.

49—188

Plaintiff excepted to this instruction and assigns same as error. From the judgment that plaintiff take nothing by the action and that defendants recover their costs, plaintiff appealed.

*Bynum & Henry for plaintiff.*
*J. M. Broughton for Wachovia Bank and Trust Company.*
*Albert L. Cox for Merchants National Bank.*

CONNOR, J. The Sanders note was not paid, at maturity, by the maker or endorsers. The holder of the note, the Wachovia Bank and Trust Company, with which the First National Bank of Hamlet, N. C., had a deposit account, charged the note to the said account on 9 May, 1923. The deposit account was thus reduced by the amount so charged, to wit, $2,502.90. This charge was made upon the contention by the Wachovia Bank and Trust Company that at the time the note was discounted by its assignor, the Merchants National Bank, its prompt payment, at maturity, was guaranteed by the First National Bank, of Hamlet, N. C., at whose request and for whose credit the note was discounted. If the First National Bank of Hamlet, N. C., was liable as guarantor of the note to the Merchants National Bank, the Wachovia Bank and Trust Company, as assignee of the note, had the right to make the charge and to deduct the amount due on the note from the amount on deposit with it to the credit of the First National Bank of Hamlet, N. C. Upon default of the maker or endorser to pay the note promptly at maturity, the guarantor became liable to the holder, and the relation of debtor and creditor was at once established between the guarantor and the holder of the note.

"A bank has the right to apply the debt due by it for deposits to any indebtedness by the depositor, in the same right, to the bank, provided such indebtedness to the bank has matured." *Hodgin v. Bank,* 124 N. C., 540; *Moore v. Trust Co.,* 178 N. C., 118.

The letter dated 10 March, 1923, addressed to the cashier of the Merchants National Bank, at Raleigh, N. C., and signed by the cashier of the First National Bank, of Hamlet, N. C., is sufficient in form, as a guaranty of the prompt payment of the note enclosed with the letter and discounted in accordance with the request contained therein. *Ashford v. Robinson,* 30 N. C., 114; *Birdsall v. Heacock,* 30 Ohio St., 177; 30 Am. Rep., 572.

The guaranty of the payment of the note, at maturity, made to the Merchants National Bank, upon the transfer and assignment of the note to the Wachovia Bank and Trust Company, passed to the transferee or assignee, as security for the note, and therefore the Wachovia Bank and Trust Company had all the rights arising out of said guaranty

that the Merchants National Bank had. 12 R. C. L. 1056 n 15; *Craig v. Parkis,* 40 N. Y., 181; 100 Am. Dec., 469; *Tideoute Savings Bank v. Libbey,* 101 Wis., 193, 70 A. S. R., 907. "A guaranty is assignable with the obligation secured thereby, and goes with the principal obligation. It is enforceable by the same person who can enforce the principal obligation." The First National Bank of Hamlet was a depositor and therefore a creditor of the Wachovia Bank and Trust Company on 9 May, 1923. Was it also a debtor by reason of the guaranty contained in the letter of 10 March, 1923, of the payment of the Sanders note, the maker and endorsers of the said note having failed to pay the same, promptly?

This question must be answered in the affirmative, if the cashier of the First National Bank of Hamlet, N. C., had authority to make the contract of guaranty and bind the bank thereby. The letter was signed by Noah H. Jenrette, as cashier; it contained the request that the note enclosed be discounted and that the proceeds be placed to the credit of the bank; the proceeds were placed to the credit of the bank, and the bank so notified. The transaction was similar to other transactions between the said banks, extending over a period of three years or more. There is no evidence that the cashier had any personal interest in the note or in the proceeds of the note. There is affirmative evidence that the note was the personal obligation of the maker, and that he received credit for the note at the First National Bank of Hamlet, N. C. He was a customer of said bank. The First National Bank of Hamlet, N. C., was the sole beneficiary of the transaction with the Merchants National Bank at Raleigh. It is immaterial, so far as the Merchants National Bank is concerned, whether the Sanders note was the property of the First National Bank or whether it was sold by the bank as an accommodation for its customer.

If the note was first discounted by the First National Bank of Hamlet, N. C., for the maker, and its proceeds placed to his credit, the note thus becoming the property of the bank, the cashier had authority to rediscount the note to the Merchants National Bank at Raleigh, N. C., in the usual course of business, and to guarantee the payment of the note by the bank, upon default in payment, at maturity, by the maker or endorsers.

If the note was sold by the bank, for its customer, to the Merchants National Bank, and thus was never the property of the bank, the proceeds of the sale being placed to the credit of the bank, the cashier had authority to guarantee the payment of the note by the bank, whose officer he was and for whom he was acting, upon default in payment, at maturity, by the maker or endorsers; 3 R. C. L., 453; *Sturges v.*

*Bank,* 78 Am. Dec., 296; *Hutchins v. Bank,* 128 N. C., 72; *Bank v. Oil Co.,* 157 N. C., 302; *Sherrill v. Trust Co.,* 176 N. C., 591.

There is no evidence that the cashier of the First National Bank was acting in his own interest in this transaction. On the contrary all the evidence shows that it was a bona fide transaction, in the usual course of business, of which the bank, for whom the cashier was acting, was the beneficiary. *Bank v. Grady,* 184 N. C., 158, is not applicable to the facts in this case. The transaction had been closed on 9 May, 1923, and the First National Bank of Hamlet had not controverted the right of the Wachovia Bank and Trust Company as assignee of the Merchants National Bank to charge the Sanders note to its account on said date. The plaintiff herein, did not take over the business of the First National Bank of Hamlet, N. C., until July, 1923. At that time the Sanders note was in possession of the First National Bank of Hamlet, N. C., and the deposit account with the Wachovia Bank and Trust Company did not include the sum of $2,502.90. The Wachovia Bank and Trust Company cannot be held liable to plaintiff because of errors, if any, in the books of the First National Bank of Hamlet, N. C.

Plaintiff's exception to the instruction of his Honor to the jury is not sustained. There is

No error.