THE AMERICAN AGRICULTURAL CHEMICAL COMPANY v. C. ROY GRIFFIN ET AL.

(Filed 15 June, 1932.)

**Evidence J a: Frauds, Statute of A a—Parol evidence held admissible to show total failure of consideration for guaranty of payment.**

> Where the father signs the note of his son as a guarantor of payment in consideration of the payee's furnishing the son with fertilizer on open account, parol evidence of the total failure of the consideration in that the payee did not so furnish fertilizer is admissible as between the parties in an action against the father on the note.

APPEAL by defendant, C. Griffin, from *Grady, J.,* at October Term, 1931, of Edgecombe.

Civil action to recover from C. Roy Griffin, as maker, and Charles Griffin, as guarantor, on a promissory note of $2,600, tried upon the following issues:

"1. Did defendant, Roy Griffin, execute the note, referred to, and was the same endorsed by Charles Griffin, as alleged? Answer: Yes, by consent.

"2. Was the guarantee endorsement of Charles Griffin based solely upon the promise and agreement of the plaintiff's agent, W. L. Reason,

that the plaintiff company would sell fertilizer to C. Roy Griffin for 1929, on open account, as alleged by the defendants? Answer: No.

"3. If so, was there a breach of said contract on the part of the plaintiff, as alleged by defendants? Answer:...............

"4. In what amount, if anything, are defendants indebted to the plaintiff? Answer: $2,600 with interest from 1 January, 1929."

There was evidence to support affirmative answers to the 2d and 3d issues, but his Honor excluded it all and directed a verdict for the plaintiff. Objection; exception.

The defendant, Charles Griffin, appeals, assigning errors.

*V. E. Fountain and H. C. Bourne for plaintiff.*
*M. S. Strickland, A. O. Dickens and Gilliam & Bond for defendant.*

STACY, C. J. This is another instance of a father coming to the rescue of his son by promising to pay the latter's note if not paid at maturity. A guaranty of payment is an absolute promise to pay the debt at maturity if not paid by the principal debtor. *S. v. Bank,* 193 N. C., 524, 137 S. E., 593; *Cowan v. Roberts,* 134 N. C., 415, 46 S. E., 979. But as a consideration for the guaranty plaintiff agreed to furnish the son, on open account, fertilizer to make his crop for the year 1929. This was the *sine qua non* of the father's guaranty, and the plaintiff has failed to comply with its part of the agreement.

The note in suit is made payable to the American Agricultural Chemical Company, or order; and it is always open, as between the original parties to a contract, upon proper plea, to show a total failure of consideration. *Swift & Co. v. Aydlett,* 192 N. C., 330, 135 S. E., 141; *Pate v. Gaitley,* 183 N. C., 262, 111 S. E., 339.

The admission of this character of evidence is not at variance with the rule against changing, contradicting or adding to the terms of a written instrument by parol, nor is it prohibited by the statute of frauds. *Harper v. Harper,* 92 N. C., 300; 3 R. C. L., 139.

Want of consideration is one of the exceptions to the rule that parol evidence of an oral agreement, alleged to have been made at the time of the drawing, making or endorsing of a bill or note, is not competent to vary, qualify or contradict, add to or subtract from the absolute terms of a written instrument. 2 Parsons Notes and Bills, 501.

The rejected testimony of the defendant tending to establish the affirmative of the 2d and 3d issues was competent under the exception. *Carrington v. Waff,* 112 N. C., 115, 16 S. E., 1008.

New trial.