## METROPOLITAN CASUALTY INS CO v SOUCY et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13248.    Decided Feb 27, 1934

Henderson, Quail, McGraw & Barkley, Cleveland, for plaintiff in error.

Bulkley, Hauxhurst, Inglis & Sharp, Cleveland, Frank X. Cull, Cleveland, and Raymond C. Hengst, Cleveland, for defendants in error.

SHERICK, J, (5th Dist), and BLOSSER and MIDDLETON, JJ, (4th Dist) sitting.

## OPINION

By BLOSSER, J.

We have carefully read all of the evidence and the record and we find that each finding of fact is supported by credible evidence and is substantially correct. We are unable to say that the findings are manifestly against the weight of the evidence or are not supported by the evidence.

The trial court having passed upon the evidence and made his findings of fact we think his finding as to the facts can not be disturbed.

In disposing of the case the trial court filed a written opinion and we are in accord with the conclusions reached. We wish to make some observations, however, on some of the legal questions presented. It is important to determine whether the bond sued upon is a mere indemnity agreement or is a guaranty of the payment of the five promissory notes in question. The bond states:

"In consideration of a premium at an agreed rate, the receipt of which is hereby acknowledged, The Metropolitan Casualty Insurance Company of New York * * * (hereinafter called the surety) hereby agrees to indemnify and make whole in the manner hereinafter set out Ernest Soucy, of Boston, Mass. (hereinafter called the obligee) against any loss sustained by reason of the failure of J. Balter or Terrell M. Ragan (hereinafter called principal) to pay the principal on promissory notes described as follows: (Notes described). The failure of principal to pay said promissory note at maturity with the interest due thereon shall constitute a loss under this contract, for which surety shall become immediately liable to obligee in' the amount of said note and unpaid interest."

The language used indicates that it was the intention of the instrument to guarantee the payment of the notes when they became due. The bond refers to the makers of the notes as "principal" and The Metropolitan Casualty Insurance Company of New York as "surety." If the agreement was intended to be one merely of indemnity these words would not have been used. There is no principal and no surety in a contract of indemnity. As the promissory notes were payable to Chas. Ulin or order it must have been contemplated by the parties that the notes could or would be negotiated and pass into the hands of another holder.

The bond itself provides that

"Failure of the principal to pay the notes at maturity and/or interest thereon shall constitute a loss.

"Upon the happening of that event the surety shall become immediately liable to obligee," etc.

The obligee in this case is the holder of the negotiated instrument.

"No particular form of words is required to express the contract of guaranty. Any form of words expressing an undertaking, upon a consideration to insure the other party against the non-payment or delinquency of a third party, may constitute a guaranty."

20 O. J., 186.

"A guaranty, in its strict legal and commercial sense, is said to be 'an undertaking by one person to be answerable for the payment of some debt or the performance of some contract or duty by another person, who himself remains liable to pay or perform the same'."

Sturges v Bank of Circleville, 11 Oh St 168.

The word guaranty is not necessary to constitute a contract of guaranty. If the language used indicates an intention of the parties to constitute a guaranty the instrument will be so considered. 12 R.C. L. 1055.

It is asserted by the plaintiff in error that the instrument is to indemnify Soucy against loss and that as he suffered no personal loss there can be no recovery in this case. The bond itself, however, provides what shall constitute a loss. Whatever may have been the rule at common law as to the assignability of a guaranty and the rights of the parties thereunder it is well settled in Ohio that on the sale of the promissory notes the guaranty passes as an incident and is in equity assignable to subsequent purchasers. Bank of Ashland v Jones, 16 Oh St 145.

The promissory notes, the payment of which is guaranteed by the bond sued upon, state:

"We promise to pay to the order of Charles Ulin," etc.

The notes were therefore negotiable. When the notes were negotiated they carried with them as an incident the guaranty bond in question and the holder of the notes had the same rights under the contract of guaranty as the original payee. Not only is this the rule in Ohio but it is recognized by the courts and text writers generally. In 3 R.C.L. 979 it is said:

"The transfer of a debt or obligation usually carries with it as an incident all the security for its payment, though such securities are not in terms transferred with the principle obligation, and it is a well settled principle that the assignment of a note secured by mortgage and other

collateral security carries the security with it * * *. According to the better reasoned authorities a guaranty of payment endorsed on a negotiable instrument passes with the transfer of the instrument as fully as the instrument itself."

The guarantor of a promissory note becomes liable to the holder upon default of the maker or endorser to pay it, and the relation of debtor and creditor at once arises between him and the holder. Page Trust Company v Wachonia B. and T. Co., (N. C.), 125 SE 536.

We are in accord with the finding of the lower court that the bond in question constituted a general guaranty for the payment of the notes and not a special guaranty.

It is asserted by the surety company that it was not the intention of the surety company that such use should be made of the notes that the obligation of the bond would inure to the benefit of Otis and Company. The intention of the parties is ascertained from the terms of their written instruments. There is nothing in the bond which supports the contention of counsel for the surety company. Had the parties at the time intended to exclude Otis and Company or any other indorsee or holder such provision should have been inserted in the written instrument. When the surety company in its bond undertook to guarantee the payment of the notes, which were payable to the payee "or order," it must be presumed to have intended to pay and to hold harmless any lawful holder of the notes.

In 2 R.C.L., 601 it is stated:

"As one application of the general principle that an assignment of a chose in action carries with it all incidental rights, it has been held that the transfer of a note secured by a general continuing guaranty carries with it the securities, although the transferee at the time had no knowledge of the security."

We are of the opinion that the conclusions of law reached by the trial court are fully supported by the authorities and the evidence.

After an examination of the entire record we find no prejudicial error and the judgment is affirmed.

Judgment affirmed.

SHERICK and MIDDLETON, JJ, concur.