BARCLAYS BANK PLC, Plaintiff Appellant v. MARK JOHNSON, Defendant Appellee

No. COA97-849

(Filed 30 April 1998)

## 1. Negotiable Instruments and Other Commercial Paper § 10 (NCI4th)— action on note—not payable on demand or at definite time—summary judgment for defendant

The trial court did not err in an action seeking payment of the balance owed on a note by granting summary judgment for defendant where it was undisputed that the note did not state either that it was payable on demand or at a definite time. The note does not meet the requirements of the preamended N.C.G.S. § 25-3-104(1) for negotiability, plaintiff does not qualify as a holder in due course, and plaintiff is not immune from the defense of failure of consideration.

## 2. Negotiable Instruments and Other Commercial Paper § 97 (NCI4th)— note—partial payment—not waiver of defense of failure of consideration

The trial court did not err by entering summary judgment in favor of defendant and denying summary judgment for plaintiff in an action to collect the balance due on a note where plaintiff contended that defendant waived his right to contest whether the note was enforceable by making the initial six payments on the note. Defendant's grounds to contest payment for failure of consideration did not arise until two deliveries of dental supplies were not made; rather than evidencing a waiver of the defense of

consideration, the initial six payments evidenced a good faith intent to comply with the contract.

Appeal by plaintiff from judgment entered 11 April 1997 by Judge Catherine C. Eagles in Stokes County Superior Court. Heard in the Court of Appeals 25 February 1998.

*Smith Debnam Hibbert, L.L.P., by Caren D. Enloe and Byron L. Saintsing, for plaintiff appellant.*

*Browder & McGrath, by J. Tyrone Browder for defendant appellee.*

McGEE, Judge.

Defendant executed a promissory note for $28,979.15 on 27 January 1993 in favor of Healthco International, Inc. to secure payment for dental supplies defendant purchased from Healthco for his dental practice. The pertinent language of the note provided that it was:

[p]ayable in ------, Successive Monthly Installments of $ ------------------- Each, and in 11 Successive Monthly Installments of $2,414.92 Each thereafter, and in a final payment of $2,415.03 thereafter. The first installment being payable on the ___ day of _____ 19 __, and the remaining installments on the same date of each month thereafter until paid.

The blank indicating the date of the initial installment payment was never filled in by either party.

Barclays Bank purchased this note on 5 February 1993. Defendant made six payments on the note with the first payment being on 22 March 1993. Defendant then defaulted on the note by failing to make the remaining six payments. Barclays Bank filed a complaint on 18 April 1995 seeking payment of the balance owed on the note. Defendant filed an answer alleging as a defense the failure of consideration as Healthco International did not complete delivery of the dental supplies purchased by defendant. The answer further alleged that Barclays Bank was not a holder in due course as the note was incomplete on its face, and Barclays Bank knew or should have known of this defect. Both parties filed motions for summary judgment. In a judgment entered 11 April 1997 the trial court entered summary judgment for defendant and denied summary judgment for Barclays Bank. Barclays Bank appeals from this judgment.

I.

[1] The main issue in this case is whether Barclays Bank, as purchaser of the promissory note, is a holder in due course and thus immune from the defense of failure of consideration asserted by defendant. This question is determined by whether the promissory note constitutes a negotiable instrument even though it does not state that it is payable on demand or at a definite time.

This case is governed by the pre-amended Article 3 of our Uniform Commercial Code, N.C. Gen. Stat. § 25-3-101 *et seq.* (1986), since the promissory note was executed prior to 1 October 1995. *Kane Plaza Associates v. Chadwick,* 126 N.C. App. 661, 665, 486 S.E.2d 465, 467 (1997). A holder in due course is one who takes an instrument for value, in good faith and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. N.C. Gen. Stat. § 25-3-302(1) (1986). One may only be a holder in due course of a negotiable instrument. *See* N.C. Gen. Stat. 25-3-102(1)(e) (1986) (defining instrument as "negotiable instrument.")

One of the requirements of a "negotiable instrument" under N.C. Gen. Stat. § 25-3-104(1) (1986) is that it be "payable on demand or at a definite time." An instrument is "payable at a definite time" if by its terms it is payable:

(a) on or before a stated date or at a fixed period after a stated date; or

(b) at a fixed period after sight; or

(c) at a definite time subject to any acceleration; or

(d) at a definite time subject to extension at the option of the holder, or to extension to a further definite time at the option of the maker or acceptor or automatically upon or after a specified act or event.

(2) An instrument which by its terms is otherwise payable only upon an act or event uncertain as to time of occurrence is not payable at a definite time even though the act or event has occurred.

N.C. Gen. Stat. § 25-3-109 (1986).

Barclays Bank argues that the note is a negotiable instrument even though it does not state that it is payable on demand or at a def-

inite time. We disagree. Historically, our courts have required strict compliance with the requirements set out under the Uniform Commercial Code defining negotiable instruments. *Gray v. American Express Co.*, 34 N.C. App. 714, 716, 239 S.E.2d 621, 623 (1977) (holding that a note payable neither to order nor to bearer is not negotiable as "[s]pecificity on the face of the instrument is required" under N.C.G.S. § 25-3-104); *See also Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 54, 191 S.E.2d 683, 690 (1972) (holding that draft was not negotiable because "it was payable to . . . two named payees without the addition of the words 'or order,' or any similar words of negotiability"). The drafters of the Code encouraged the courts to strictly interpret the definitional requirements to the extent that "in doubtful cases the [court's] decision should be against negotiability." Official Comment to N.C.G.S. § 25-3-104 (1986); *Knight Publishing Co. v. Chase Manhattan Bank*, 125 N.C. App. 1, 11, 479 S.E.2d 478, 485 ("Courts should not change express provisions of the UCC by judicial construction"), *disc. review denied,* 346 N.C. 280, 487 S.E.2d 548 (1997). In this case it is undisputed that the note did not state either that it was payable on demand or at a definite time. For this reason, we hold that the note does not meet the requirements of N.C. Gen. Stat. § 25-3-104(1) for negotiability. Accordingly, Barclays Bank does not qualify as a holder in due course of a negotiable instrument and is not immune from the defense of failure of consideration.

## II.

[2] We further reject Barclays Bank's argument that defendant waived his right to contest whether the note was enforceable. To prove that a party has waived his right to assert a defense, the opposing party must produce evidence that there was "an intention to relinquish a right, advantage, or benefit . . . expressed or implied from acts or conduct that naturally lead the [opposing] party to believe that the right has been intentionally given up." *Klein v. Insurance Co.*, 289 N.C. 63, 68, 220 S.E.2d 595, 599 (1975). In this case, the only evidence submitted by Barclays Bank that defendant waived his right to assert the defense of failure of consideration is that defendant made the initial six payments on the note. This argument is flawed as defendant's grounds to contest payment upon the note for failure of consideration did not arise until June 1993 when Healthco International, Inc. failed to make two deliveries of the dental supplies. Defendant ceased to make payments on the note shortly thereafter when he did not make the September 1993 payment. Rather than evidencing a

waiver of the defense of consideration, defendant's initial six payments on the note evidenced a good faith intent to comply with the contract. Accordingly, the trial court's entry of summary judgment in favor of defendant and denial of summary judgment in favor of Barclays Bank were proper.

We dismiss Barclays Bank's remaining arguments as they are not necessary to dispose of this appeal.

Affirmed.

Judges WYNN and JOHN concur.