SELF-HELP VENTURES FUND, Plaintiff v. CUSTOM FINISH, LLC, CLARENCE W. ADAMS, CURTHUE LOUIS JOHNSON, GLADYS L. ADAMS, and IVESTA JOHNSON, Defendants

No. COA08-1482

(Filed 15 September 2009)

**1. Uniform Commercial Code— assignment of note and guaranties—common law applies**

The common law rather than the UCC applied to a case involving the assignment of a note and guaranties where there were no controlling provisions within the UCC.

**2. Parties— transfer of note but not guaranties—construed with note**

In a case involving the assignment of a note and guaranties, plaintiff was a party in interest even though a separate assignment of defendants' guaranties was not executed. Defendants' guarantees are contemporaneously executed written agreements to the note and are construed with the note; enforcing the guar-

anties fulfills the intent of the parties as expressed in the contract. Summary judgment was properly granted for plaintiff.

**3. Appeal and Error— preservation of issues—ruling on one motion before another—no objection**

The issue of whether the trial court erred by not ruling upon a motion to set aside entry of default before considering a motion for summary judgment was not preserved for appellate review where there was no objection at trial.

Judge WYNN dissenting.

Appeal by defendants Clarence W. Adams and Gladys L. Adams from an order entered 9 September 2008 by Judge Henry W. Hight, Jr. in Durham County Superior Court. Heard in the Court of Appeals 21 April 2009.

*Solomon & Mitchell, PLLC, by Laurel E. Solomon, for plaintiff-appellee.*

*Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for Clarence W. Adams and Gladys L. Adams, defendants-appellants.*

JACKSON, Judge.

Clarence W. Adams and Gladys L. Adams ("defendants") appeal from the trial court's order granting summary judgment for Self-Help Ventures Fund ("plaintiff"). For the following reasons, we affirm in part and dismiss in part.

On 14 August 2002, plaintiff made a loan to Custom Finish, LLC ("Custom"), for a principal amount of $223,000.00. Custom executed a promissory note ("the Note"), not signed by defendants, to plaintiff. Defendants, with others who are not parties to this appeal, each separately executed and delivered unconditional guaranties ("Guaranties") for the Note to plaintiff. On 26 September 2002, plaintiff assigned and delivered both the Note and defendants' Guaranties to the United States Small Business Administration ("SBA").

On 3 March 2008, the SBA assigned and delivered the Note and a deed of trust to plaintiff. However, the SBA did not execute a separate reassignment of defendants' Guaranties to plaintiff.

The promisor, Custom, defaulted under the terms of the Note. When plaintiff sought payment from the Note's guarantors, defendants also defaulted.

On 2 April 2008, plaintiff accelerated the Note's outstanding balance and filed suit, seeking judgment against all defendants, jointly and severally, in the amount of $166,815.00, plus interest, attorneys' fees, and court costs. On 11 April 2008, summonses were served upon defendants. On 15 May 2008, an assistant clerk of Superior Court of Durham County entered default against defendants. On 20 May 2008, defendants, appearing *pro se*, filed an application for extension of time to file their answer dated 15 May 2008.

On 21 May 2008, the trial court entered an order denying defendants' application for an extension of time to file their answer. On 24 June 2008, defendants filed a motion to set aside the entry of default judgment. Defendants scheduled the hearing on their motion to set aside the default judgment for 9 September 2008. On 27 August 2008, plaintiff filed a motion for summary judgment against defendants and noticed the motion for hearing on 9 September 2008.

On 9 September 2008, the trial court conducted a hearing on plaintiff's motion for summary judgment and defendants' motion to set aside the default judgment. The trial court entered its order granting plaintiff's motion for summary judgment, declining to rule on defendants' motion to set aside the default judgment. Defendants appeal.

We review the trial court's order for summary judgment *de novo* to determine whether there is a genuine issue of material fact and whether either party is entitled to judgment as a matter of law. *See McDowell v. Randolph County*, 186 N.C. App. 17, 20, 649 S.E.2d 920, 923 (2007). In this appeal, there is no dispute as to any genuine issues of material fact; therefore, we need to determine only whether summary judgment was entered properly in plaintiff's favor or whether it should have been entered in defendants' favor. *See Geitner v. Mullins*, 182 N.C. App. 585, 589, 643 S.E.2d 435, 438, *disc. rev. denied*, 361 N.C. 692, 652 S.E.2d 263 (2007).

Defendants argue that the trial court erred in granting plaintiff's motion for summary judgment on the ground that plaintiff was not a party in interest. Defendants contend that because the SBA did not execute a separate assignment of defendants' Guaranties when assigning the Note back to plaintiff, those Guaranties did not

follow the Note, and therefore, the plaintiff was not a party in interest. We disagree.

[1] Initially, we note that the Uniform Commercial Code ("UCC") generally governs commercial transactions involving promissory notes. *See, e.g.*, N.C. Gen. Stat. § 25-1-101 through -1-310; § 25-3-101 through -3-605; § 25-9-101 through -9-710 (2007). Notwithstanding, the UCC also provides that "[u]nless displaced by the particular provisions of this Chapter, the principles of law and equity . . . supplement its provisions." N.C. Gen. Stat. § 25-1-103(b) (2007). The parties have not cited provisions within the UCC that control the case *sub judice*, and our research has revealed none. Accordingly, we apply the rules established at common law to resolve the questions presented in the instant case. Furthermore, although the dissent characterizes the issue presented on this appeal as one of first impression, we believe that principles already well-settled within our State, further informed by persuasive authority from our sister States, provide ample instruction so as to require our affirmation of the trial court's grant of summary judgment in plaintiff's favor.

[2] Rule 17(a) of the North Carolina Rules of Civil Procedure provides that

> [e]very claim shall be prosecuted in the name of the real party in interest; but . . . a party with whom or in whose name a contract has been made for the benefit of another . . . may sue in his own name without joining with him the party for whose benefit the action is brought[.]

N.C. Gen. Stat. § 1A-1, Rule 17 (2007). Plaintiff, as assignee of the Note in the instant case, represents the real party in interest.

Our Supreme Court has explained,

> [a] "guaranty" is a contract, obligation or liability arising out of contract, whereby the promisor, or guarantor, undertakes to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person who is himself in the first instance liable to such payment or performance.

*Trust Co. v. Clifton*, 203 N.C. 483, 485, 166 S.E. 334, 335 (1932) (citing *Chemical Co. v. Griffin*, 202 N.C. 812, 164 S.E. 577 (1932); *Cowan v. Roberts*, 134 N.C. 415, 46 S.E. 979 (1904); *Carpenter v. Wall*, 20 N.C. 279 (1838)).

"A guarantor's liability depends on the terms of the contract as construed by the general rules of contract construction." *Carolina*

*Place Joint Venture v. Flamers Charburgers, Inc.*, 145 N.C. App. 696, 698, 551 S.E.2d 569, 571 (2001) (citing *Jennings Communications Corp. v. PCG of the Golden Strand, Inc.*, 126 N.C. App. 637, 641, 486 S.E.2d 229, 232 (1997)). "When the language of a contract is clear and unambiguous, construction of the contract is a matter for the court." *Hagler v. Hagler*, 319 N.C. 287, 294, 354 S.E.2d 228, 234 (1987). "It is a well-settled principle of legal construction that '[i]t must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean.' " *Id.* (quoting *Indemnity Co. v. Hood*, 226 N.C. 706, 710, 40 S.E.2d 198, 201 (1946) (citations omitted)). Moreover, "[a]ll contemporaneously executed written instruments between the parties, relating to the subject matter of the contract, are to be construed together in determining what was undertaken." *Yates v. Brown*, 275 N.C. 634, 640, 170 S.E.2d 477, 482 (1969) (citing *Combs v. Combs*, 273 N.C. 462, 160 S.E.2d 308 (1968); *Smith v. Smith*, 249 N.C. 669, 107 S.E.2d 530 (1959)).

In the instant case, the language of the guaranty contracts is clear and unambiguous; there is no genuine issue of material fact. Further, the Note and defendants' Guaranties were executed contemporaneously. Therefore, the Court presumes that defendants intended what the language of the Guaranties clearly expresses. Relevant provisions of the Note state:

1. PROMISE TO PAY:

In return for the Loan, Borrower promises to pay to the order of [Certified Development Company ("CDC")] the amount of Two hundred twenty-three thousand and 00/100 Dollars, interest on the unpaid principal balance, the fees specified in the Servicing Agent Agreement, and all other amounts required by this Note.

. . . .

6. CDC'S RIGHTS IF THERE IS A DEFAULT:

. . . .

B. Collect all amounts owing from any Borrower *or Guarantor*;

. . . .

9. SUCCESSORS AND ASSIGNS:

Under this Note, Borrower and Operating Company include the successors of each, and *CDC includes its successors and assigns.*

(Emphasis added). Relevant provisions of defendants' Guaranties state:

1. GUARANTEE:

Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

. . . .

8. SUCCESSORS AND ASSIGNS:

Under this Guarantee, Guarantor includes heirs and successors, *and Lender includes its successors and assigns.*

(Emphasis added).

The well-settled rule in North Carolina is that

a guaranty of payment is an absolute or unconditional promise to pay some particular debt, if not paid by the principal debtor at maturity, and *it is generally held that such a guaranty is assignable and enforceable by the same persons who are entitled to enforce the principal obligation, which it is given to secure.*

*State v. Bank,* 193 N.C. 524, 526, 137 S.E. 593, 594 (1927) (citations omitted) (emphasis added). Furthermore, "[a] guaranty is assignable with the obligation secured thereby, and *goes with the principal obligation." Trust Co. v. Trust Co.,* 188 N.C. 766, 771, 125 S.E. 536, 538 (1924) (internal quotation marks omitted) (emphasis added).

These rules accord with the general rule that

a security interest is generally recognized as incidental to and passing with the title to property. This effect has been explained in American Jurisprudence, a treatise on assignments:

"The assignment of a debt ordinarily carries with it all liens and every remedy or security that is incidental to the subject matter of the assignment and that could have been used, or made available, by the assignor as a means of indemnity or payment, even though they are not specifically named in the instrument of assignment, and even though the assignee at the time was ignorant of their existence. *Such rights will*

> *pass notwithstanding the assignment is not by any instru-*
> *ment in writing,* or that the assignor retains possession of
> the collateral, his possession being considered in the nature
> of a trust for the benefit of the assignee of the debt."

*General Electric Credit Corp. v. Allegretti,* 515 N.E.2d 721, 725-26 (Ill. App. Ct. 1987) (quoting 6 Am. Jur. 2d *Assignments* § 121 (1964)) (emphasis added). Further, a transfer of a principal obligation operates as an assignment of an associated guaranty. *See Sinclair Marketing, Inc. v. Siepert,* 695 P.2d 385 (Idaho 1985). Similarly, a transfer of a promissory note also operates as an assignment of an associated guaranty, *Hazel v. Tharpe & Brooks,* 283 S.E.2d 653 (Ga. Ct. App. 1981), even without reference in the assignment of the note to the guaranty. *Metropolitan Casualty Ins. Co. v. Soucy et.,* 16 Ohio Law Abs. 538 (1934).

In keeping with these general principles and precedent established within North Carolina, our Supreme Court has held that

> rights under a special guaranty—that is, a guaranty addressed to
> a specific entity—are assignable unless: assignment is prohibited
> by statute, public policy, or the terms of the guaranty; assignment
> would materially alter the guarantor's risks, burdens, or duties; or
> the guarantor executed the contract because of personal confi-
> dence in the obligee. This rule is consistent with the common law
> of contracts, accommodates modern business practices, and ful-
> fills the intent of parties to ordinary business agreements.

*Kraft Foodservice, Inc. v. Hardee,* 340 N.C. 344, 348, 457 S.E.2d 596, 598-99 (1995) (citations and internal quotation marks omitted).

In the case *sub judice,* defendants have not provided legal support for the contention that the Guaranties do not follow the Note. Notwithstanding their failure to provide support, defendants assert that the Guaranties were not automatically assigned along with the Note. However, there is no evidence in the record suggesting that the assignment of the Guaranties would (1) violate a statute, public policy, or the terms of the Guaranties; (2) materially alter defendants' risks, burdens, or duties; or (3) violate personal confidence defendants placed in the obligee. *See id.*

Rather, the record provides uncontested evidence of a default by the borrower and a subsequent assignment of the Note back to plaintiff by the SBA. When the Note was executed initially, plaintiff was designated as the CDC. Later, when the Note was assigned by the

SBA, plaintiff became the assignee. Because defendants' Guaranties are contemporaneously executed written agreements to the Note, they are construed together with the Note. *Yates*, 275 N.C. at 640, 170 S.E.2d at 482. Sections six and nine in the Note expressly provide that the CDC or assignees of the CDC may collect all amounts owing from Guarantors. Because plaintiff was the CDC when defendants executed their Guaranties, and because plaintiff was the CDC after the SBA's assignment of the Note, enforcing defendants' Guaranties fulfills the intent of the parties expressed within the contract.

Finally, because plaintiff is entitled to enforce the principal obligation, plaintiff also is entitled to enforce the guaranty notwithstanding the fact that. the reassignment of the Note did not include an express reassignment of the guaranty. *Bank*, 193 N.C. at 526, 137 S.E. at 594; *Hazel*, 283 S.E.2d at 653. Therefore, upon the Note's assignment to plaintiff by the SBA, defendants unconditionally guaranteed payment to plaintiff, whereupon plaintiff became a party in interest, as set forth in Rule 17(a) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 17 (2007).

**[3]** Next, defendants argue that the trial court erred in not ruling upon defendants' motion to set aside entry of default before considering plaintiff's motion for summary judgment. We disagree.

In the instant case, the record contains no indication that defendants objected at trial to the trial court's ruling upon plaintiff's motion for summary judgment before considering defendants' motion to set aside entry of default. Accordingly, this issue has not been preserved for our review, and it is dismissed. *See* N.C. R. App. P. 10(b)(1) (2007); *State v. Wiley*, 355 N.C. 592, 565 S.E.2d 22 (2002); *Williams v. Walker*, 185 N.C. App. 393, 648 S.E.2d 536 (2007).

For the foregoing reasons, we affirm in part and dismiss in part.

Affirmed in part; Dismissed in part.

Judge HUNTER, Jr., Robert N. concurs.

Judge WYNN dissents in a separate opinion.

WYNN, Judge, dissenting.

The issue on appeal is whether the SBA's assignment of the Note conferred on Plaintiff the right to enforce an unassigned guaranty to

the Note. Because the SBA did not assign the guaranty to the Note back to the Plaintiffs, I would hold that the Plaintiffs may not enforce that guaranty. Accordingly, I dissent.

From the outset, I observe that no North Carolina appellate court has previously had occasion to consider the issue presented in the somewhat more complex context of the federal 504 loan program.[1] To better understand the nature of the transactions in this matter, additional background is useful.

Plaintiff Self-Help Ventures Fund, a Certified Development Company or CDC, provided a twenty-year loan to Custom Finish, LLC through the Small Business Administration's (SBA) 504 loan program. *See generally* 13 C.F.R. § 120.800 (2009). Generally, financing of a 504 project involves the contribution by a small business in an amount of at least ten percent of the project costs; a loan made with the proceeds of a CDC debenture for up to forty percent of the project costs[2]; and a third party loan comprising the balance of the financing.[3] 13 C.F.R. §120.801 (2009). The CDC debenture is guaranteed one-hundred percent by the SBA with the full faith and credit of the United States, and it is sold to underwriters who form debenture pools. *Id.* Investors purchase interests in these debenture pools and receive certificates representing ownership of all or part of a debenture pool. *Id.* The proceeds of the CDC debenture are then used to fund the 504 loan. 13 C.F.R. § 120.802.

---

1. As do the parties and the majority, I analyze the issue presented under North Carolina's common law of contracts. However, I note that this Court has held that a promissory note may qualify as a negotiable instrument governed by the UCC. *See* N.C. Gen. Stat. § 25-3-104 (2008); *First Commerce Bank v. Dockery*, 171 N.C. App. 297, 300, 615 S.E.2d 314, 316 (2005). *But see Barclays Bank v. Johnson*, 129 N.C. App. 370, 373, 499 S.E.2d 768, 770 (1998) (A promissory note was not a negotiable instrument where it did not state that it was payable on demand or at definite time). I note also that this guaranty would not be considered a negotiable instrument subject to the UCC's rules, since it is not payable on demand or at a definite time, but rather is conditioned on a default of the Note. *See* § 25-3-104; *see also Branch Banking & Trust Co. v. Creasy*, 301 N.C. 44, 51-52, 269 S.E.2d 117, 121-22 (1980). Moreover, there appears to be a lack of authority on whether a guaranty automatically follows a promissory note under the UCC. Nonetheless, this case presents no occasion to answer these questions because the issue has been presented and argued only in the context of common contract law.

2. This portion of the 504 project's financing is at issue in this case.

3. In late 2006, Custom Finish, LLC defaulted on the third party loan from First National Bank, which resulted in the foreclosure of the real estate and the loss of Plaintiff's second deed of trust as collateral. Around this time, Custom Finish, LLC also ceased operations.

On 14 August 2002, Plaintiff/CDC made a SBA 504 loan to Custom Finish in the amount of $223,000.00. Plaintiff obtained a promissory note ("the Note") on SBA letterhead executed on behalf of Custom Finish by Defendant Clarence W. Adams and other members of the LLC. Mr. Adams and the other members did not sign the Note in their individual capacities, and co-defendant Gladys L. Adams did not sign the Note at all. The Note states under the section "CDC's RIGHTS IF THERE IS A DEFAULT" that without notice or demand and without giving up any of its rights, the CDC may collect all amounts owing from any borrower or guarantor and that it may file suit and obtain judgment. Under the section "SUCCESSORS AND ASSIGNS," "the CDC" includes its successors and assigns under the Note. Under "GENERAL PROVISIONS" of the Note, the "[b]orrower also waives any defenses based upon any claim that CDC did not obtain any guarantee . . ." Although these conditions appear in the Note, it also contains a clause purporting to assign the Note to the SBA, and is signed by Margaretta L. Belin, Plaintiff's authorized officer and President. This assignment to the SBA was made in consideration of the SBA's guaranty of a debenture in the principal amount of $223,000.00. *See* 15 U.S.C. § 697a(2008); 13 C.F.R. § 120.801. An allonge[4] was attached to the Note to provide for the acknowledgment of a future advances deed of trust and for the signature of an SBA officer to be added to the Note; however, the allonge was not signed until March 3, 2008, after Custom Finish had already defaulted on its loan.

On the same day the Note was signed, "Unconditional Guarantee" forms on SBA letterhead in the Note's principal amount were signed and delivered to Plaintiff by defendants, Clarence W. and Gladys L. Adams, and two prior defendants to this case. In an attachment to each guarantor's "Unconditional Guarantee" form, Plaintiff, under corporate seal, assigned and transferred all of its interest in the guaranties to the SBA. This assignment possibly provided backing for the SBA's guaranty of the debenture funding the 504 loan.[5] *See* 13 C.F.R. § 120.801. On 26 September 2002, in a separate document

---

4. "A slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *Black's Law Dictionary* 88 (9th ed. 2009).

5. However, assignment of loan instruments is required only upon the SBA's desire to litigate a 504 loan. 13 C.F.R. § 120.535(d)(2009) ("If SBA elects to service, liquidate and/or litigate a loan, it will notify the relevant Lender or CDC in writing, and, upon receiving such notice, the Lender or CDC must assign the Loan Instruments to SBA and provide any needed assistance to allow SBA to service, liquidate and/or litigate the loan. SBA will notify the Borrower of the change in servicing. SBA may use contractors to perform these actions.")

signed under corporate seal, Plaintiff again assigned to the SBA all of its right, title and interest in the Note and a future advances deed of trust.

In mid-2007, Custom Finish defaulted on its 504 loan. On 3 March 2008, the SBA, under signature of R. Wayne Reid, assigned all of its right, title, and interest in the Note dated 14 August 2002 in the original principal amount and the future advances deed of trust back to Plaintiff. A signed affidavit by Plaintiff's 504 Loan Servicing Officer states that "Defendants defaulted on their March, April and May 2007 payments under the Note, and on May 31, 2007 the SBA repurchased its debenture . . . the Note was reassigned by the SBA to the Plaintiff to pursue collection efforts against the Defendants, who remain liable for the loan pursuant to their Guarantees."

The Plaintiff's Complaint filed 2 April 2008 declared that the subject Note was in default because of Defendant Custom Finish, LLC's failure to pay despite Plaintiff's demand for payment. All other Defendants' obligations under their respective unconditional guaranties became due as a result. The default accelerated the balance due, and as of 18 March 2008, the owed amount was $174,620.78, with interest continuing to accrue at the rate of 5.173% per annum.

Like a note, a guaranty contract is a principal obligation. Although the two are related contractual agreements, they are nonetheless separate obligations. *See Credit Corp. v. Wilson*, 12 N.C. App. 481, 485, 183 S.E.2d 859, 862 (1971) ("North Carolina also recognizes that the obligation of the guarantor and that of the maker, while often coextensive are, nonetheless, separate and distinct."), *aff'd*, 281 N.C. 140, 187 S.E.2d 752 (1972). Furthermore, "[a]n assignment operates as a valid transfer of the title of a chose in action." *Gillespie v. DeWitt*, 53 N.C. App. 252, 262, 280 S.E.2d 736, 743 (1981) (citing *Lipe v. Bank*, 236 N.C. 328, 72 S.E.2d 759 (1952)). Thus, the assignee of a guaranty acquires the rights, title and interest to the guaranty that the assignor had and may take action upon it. *Id.* (citing *Holloway v. Bank*, 211 N.C. 227, 189 S.E. 789 (1937)) (citation omitted).

Here, Custom Finish, LLC, executed and delivered a Note to Plaintiff on 14 August 2002. Through the original Note and using a separate document on 26 September 2002 under corporate seal, Plaintiff assigned the Note to the SBA. Also on 14 August 2002, Clarence W. Adams, Gladys L. Adams, Curthue Louis Johnson, and Ivesta Johnson, executed and delivered separate guaranty contracts to Plaintiff. These guaranties were also assigned to the SBA by attach-

ments to the guaranty contracts on 14 August 2002. Thus, the SBA acquired the rights to enforce the Note and the individual guaranties when Plaintiff assigned each of those obligations to it in 2002. I do not agree, however, that Plaintiff reacquired the right to enforce the guaranties in 2008 when the SBA assigned the Note back to Plaintiff, but not the "separate and distinct" guaranty agreements.[6] *See Credit Corp.*, 12 N.C. App. At 485, 183 S.E.2d At 862.

I also observe a distinction between the relatively unique circumstances involved in the federal 504 loan program setting and North Carolina's leading cases bearing on this issue. In *Kraft Foodservice, Inc. v. Hardee*, 340 N.C. 344, 345-46, 457 S.E.2d 596, 597 (1995), for example, the plaintiff seeking to collect on the principal obligation and enforce its guaranty was the successor-entity of the original obligee. *See also Trust Co. v. Trust Co.*, 188 N.C. 766, 768, 125 S.E. 536, 536-37 (1924) (assignee bank, which "took over the assets of the [assignor bank], and continued its business" had the right to enforce guaranties in favor of the assignor bank). Here, Plaintiff and the SBA undoubtedly shared the same interest in repayment of the 504 loan; but, there can also be no doubt that Plaintiff and the SBA are separate entities. Accordingly, I would not rely on *Kraft Foodservice* and instead hold that the guaranties must have been separately re-assigned to give Plaintiff the right to enforce them.[7]

---

6. The weight of authority on this issue in this context appears to hold that the guaranty automatically follows the note. *See Sinclair Marketing, Inc. v. Siepert*, 695 P.2d 385 (Idaho 1985); *Hazel v. Tharpe & Brooks*, 283 S.E.2d 653 (Ga. Ct. App. 1981); *see also Sidney Indus. Corp. v. Lafler*, 1993 WL 302276 (Neb. Ct. App. 1993) (unpublished) (finding that a transfer of a principal obligation is held to operate as an assignment of the guaranty). However, as a matter of North Carolina contract law, which holds that the note and guaranty are "separate and distinct" obligations, of which the assignment of one does not necessarily confer on the assignee rights to enforce the other, I am compelled to conclude that the SBA must also have assigned the guaranties for Plaintiff to have a right to enforce them.

7. Considering that defense counsel argued the issue of the guaranties not having been assigned to Plaintiff during the hearing before the Superior Court, it is uncertain why prior to this appeal the guaranties were not assigned by the SBA to Plaintiff.